**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0998-17T4

GREGORY NECKONCHUK,

    Plaintiff-Respondent,

v.

LINDA SIMONE, f/k/a
LINDA NECKONCHUK,

    Defendant-Appellant.

_____

          Submitted February 12, 2019 – Decided March 4, 2019

          Before Judges Fisher and Suter.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0315-15.

          Freidel & Kramer, PC, attorneys for appellant (Talbot B. Kramer, Jr., on the brief).

          Adinolfi & Packman, PA, attorneys for respondent (Robert J. Adinolfi, of counsel; Kevin J. Murphy, on the brief).

PER CURIAM

Defendant Linda Simone appeals a number of orders entered during a lengthy and convoluted post-judgment stage of this matrimonial matter. Briefly, Linda filed various motions – that went unopposed – in 2013 and 2014; orders then entered granted various relief and included a qualified domestic relations order (QDRO). Plaintiff Greg Neckonchuk eventually entered the fray and sought relief pursuant to Rule 4:50, claiming, among other things, he was not properly served with those earlier motions. The judge concluded on August 21, 2015 that a plenary hearing was needed to resolve the parties' factual disputes and, two years later, on September 22, 2017, by which time Linda still had failed to respond to discovery demands and orders, the judge granted Greg's request and vacated the 2013 and 2014 orders. We find no merit in any of Linda's arguments[1] challenging the September 2017 order, the August 2015 order, and others entered in between.

The parties were married in 1978 and had four children, all now adults. In 2008, Greg filed this matrimonial action, and a divorce judgment, which incorporated a settlement agreement, was entered in 2009. Notwithstanding the

---

[1] Another panel previously reserved decision on Greg's motion to strike Linda's appellate brief. We now deny that motion.

A-0998-17T4

dissolution of their marriage, the parties continued to reside together in the former marital home in Stratford.

Greg eventually filed a motion, and Linda a cross-motion, that resulted in a June 21, 2013 order compelling Greg's departure from the former marital home. Thereafter, Linda locked Greg out of the marital home, he claims prematurely. Linda then pursued equitable distribution issues, the disposition of which had been delayed, apparently, because the parties continued to reside together after the divorce judgment. Linda moved for the preparation and entry of a QDRO, as well as other relief. Her motions went unopposed and relief was granted in her favor. Specifically, and without Greg's participation, the trial court enforced various terms of the divorce judgment; the judge: compelled Greg to provide a current address on September 26, 2013; entered a QDRO on February 5, 2014; and directed that Greg pay Linda $87,000 on July 31, 2014. The last of these orders, which we will collectively refer to as "the 2013 and 2014 orders," stated that the matter would be brought back to court for a "review hearing" on September 11, 2014.

Before the September 2014 review hearing could occur, one of the parties' children became a law clerk for a superior court judge in the Camden Vicinage, a fact that prompted the Assignment Judge to transfer the matter to the

3

Burlington Vicinage. Around the time of the change of venue, Greg engaged counsel and negotiations commenced. When the parties reached no amicable resolution, Greg moved in the family court in the Burlington Vicinage to vacate the orders previously entered in the family court in the Camden Vicinage in his absence, claiming the 2013 and 2014 orders were entered without notice to him. Linda opposed the motion and the judge ultimately determined, by order entered on August 21, 2015, that a plenary hearing was required to resolve the parties' factual disputes; the judge permitted the parties to engage in discovery.

At the conclusion of the parties' arguments and the judge's decision on August 21, 2015, Linda's attorney asked the judge whether she could "get some counsel fees," apparently seeking an award of pendente lite fees for purposes of the anticipated plenary hearing. The judge responded that he would not do that "off the cuff," so Linda's counsel later submitted a certification and, without apparently affording Greg's counsel a chance to respond, the judge, on September 8, 2015, entered an order that directed Greg's payment to Linda of $10,000 in pendente lite fees.

Because he claimed not to have the funds to comply, Greg moved to vacate the September 8, 2015 counsel fee order. Indeed, he claimed that the 2013 and 2014 orders – the subject of the anticipated plenary hearing – caused a "financial

4

role reversal"; he claimed, Linda was essentially holding all the liquid funds formerly available to him and was in a better position to pay her attorney than he was.

Greg also claimed by motion that Linda failed to comply with his discovery requests; the judge compelled Linda's compliance with Greg's discovery requests by order entered on January 22, 2016. That order also incorporated a ruling on Linda's request that venue be transferred back to Camden in light of the completion of their child's clerkship. The judge determined that the matter would be returned to Camden but not until the scheduled plenary hearing was completed.

Months later, Linda had still failed to provide requested and ordered discovery, so Greg moved for relief; Linda cross-moved. After oral argument in July 2016, the judge reserved decision, advising he would provide a "written opinion order" after taking "some time [to] go through the arguments again and . . . the papers" submitted. When more than six months elapsed without a decision, Greg filed another motion seeking the same relief, and Linda again filed a cross-motion. The judge finally resolved the pending motions on June 26, 2017. The order then entered denied without prejudice Greg's request to

A-0998-17T4

vacate the unopposed 2013 and 2014 orders and gave Linda even more time to respond to the discovery requests.

Despite the fact that Linda was afforded nearly an additional year to provide discovery solely because of the delay in the disposition of the pending motions, and given more time by the June 2017 order, Linda remained recalcitrant. Greg filed yet another motion to vacate the 2013 and 2014 orders. When Linda failed to provide a satisfactory explanation for her refusal to turn over discovery, the judge entered a September 22, 2017 order that vacated the 2013 and 2014 orders.

Linda appeals the September 22, 2017 final order, as well as portions of the orders entered on August 21, 2015, January 22, 2016, and June 26, 2017. In her merits brief, Linda argues:

> I. THE TRIAL COURT'S GRANT OF A PLENARY HEARING BASED ON R. 4:50-1 WAS IN ERROR AND THE GRANT OF A PLENARY HEARING SHOULD BE REVERSED.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JANUARY 22, 2016 ORDER BY REFUSING TO RETURN THE MATTER TO CAMDEN COUNTY; AND IN ORDERING SIGNIFICANT DISCOVERY IN THE ABSENCE OF COMPLIANCE WITH THE SEPTEMBER 8, 2015 ORDER FOR ADVANCEMENT OF ATTORNEY'S FEES.

A-0998-17T4

III. THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING THE PREVIOUSLY AWARDED COUNSEL FEE ADVANCE TO DEFENDANT, WHILE AT THE SAME TIME COMPELLING DEFENDANT TO PROVIDE SUBSTANTIAL DISCOVERY AND ACCORDINGLY, THE ORDERS OF JUNE 26, 2017 (SECTIONS 6 AND 7) AND SEPTEMBER 22, 2017 SHOULD BE REVERSED AND VACATED.

We find insufficient merit in Linda's arguments to warrant further discussion in a written opinion. R. 2:11-1(e)(1)(E).

We add only that the linchpin to all this – the decision to schedule a plenary hearing as the means of resolving the factual disputes generated by the Rule 4:50 motion – was discretionary, and the judge's exercise of that discretion was, in our view, quite sound. Family judges are obligated to conduct evidentiary hearings to resolve factual disputes, see, Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995), including factual disputes generated by Rule 4:50 motions, Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004); Barrie v. Barrie, 154 N.J. Super. 301, 303-04 (App. Div. 1977). The judge could not determine whether the motions that led to the 2013 and 2014 orders were properly served, as well as all other related issues, without having the parties' factual allegations aired at an evidentiary hearing. Indeed, after careful review

7

of the record, we are of a mind that the judge would have erred if he failed to order a plenary hearing.

That linchpin decision gave the parties the right to seek discovery from the other. And Linda's failure to provide discovery – for an extraordinary period of time – warranted the ultimate sanction embodied in the September 22, 2017 order. As the various motions and orders that preceded that final order reveal, the judge was left with no recourse but to vacate the orders challenged by way of the Rule 4:50 motion.

We lastly mention Linda's argument about venue. There is no question that the matter was properly transferred out of Camden when the parties' child began a clerkship there; that is not in dispute. Instead, Linda argues the judge erred by refusing to immediately return the matter to Camden when the clerkship ended. We find no error; the Burlington judge was in the midst of the Rule 4:50 proceedings and judicial economy demanded a delay of any venue change. It was a matter of discretion, and we see no principled reason for second-guessing the trial court's handling of the venue situation.

The orders under review are affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0998-17T4